IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 6 2008
5-6-2008
MICHAEL W. DOBBINS
DISTRICT COURT

| | |
|---|---|
| United States of America ex rel. Keith Bland K92762 Petitioner | 08CV2602 JUDGE DARRAH MAG. JUDGE VALDEZ |
| vs. | |
| Terry McCann Respondent | Case number of state court conviction 01 CF 86 |

## MOTION FOR STAY AND ABEYANCE

1) Defendant's Petition for leave to Appeal for his Direct Appeal was denied on Nov. 24, 2004. Defendant filed his first Post-Conviction Petition on Dec. 2 2004. The trial court dismissed defendant's first Post-Conviction Petition on Jan. 11, 2005. Defendant filed a timely Notice of Appeal. Appellate Court Affirmed the trial Courts dismissal of defendants first Post-Conviction Petition on Dec. 8, 2006. Defendant filed a Petition for Rehearing on Dec. 12, 2006. The Petition for rehearing was denied on Jan. 9, 2007. Defendant filed a Petition for Leave to Appeal in the Illinois Supreme Court, on Feb. 22, 2007. That petition for leave to Appeal was denied on May, 31 2007. Defendant filed a Motion for leave to file a successive Post- Conviction Petition on July 17, 2007. That Motion was denied on July 18, 2007. Defendant filed a timely Notice of Appeal. Defendant is currently proceeding pro se in the Appellate Court, reguarding his Successive Post- Conviction Issue's!

2) with due diligence defendant is unable to completely exhaust his Successive Post-Conviction issues before the statute of limitations for the filing of his federal habeas corpus petition run out. Petitioner did not drag his feet on exhausting claims in State Court. Very little, if any time was waisted inbetween the filings of Petitioners Petitions and Motions and Appeals, in the State Court.

3) The un-exhausted claims are potentially meritorious and some of which involves Constitutional Violation claims. These Issues are: 1. Appellate Counsel was ineffective where he failed to raise numerous meritorious Constitutional issues on Appeal from Petitioners first-stage dismissal of his initial Post-conviction petition.

2. Trial Court abused its discretion by allowing physical evidence that was connected to crime but not connected to defendant. And trial counsel was ineffective where he failed to object to the Admission of such evidence. 3. The failure of trial counsel to object to the physical evidence admitted at defendant's trial so prejudiced him that only a new trial could cure it. 4. Appellate counsel was ineffective for failing to raise the Strickland violations by trial counsel to the extent that Appellate Counsel could have done so. And he was also ineffective for failing to challenge the admission of the physical evidence (Antenna) on Appeal. 5. Trial court abused his discretion by not granting defense motion to excuse Juror for cause, do to Juror's admittment that he has a problem understanding proceedings because he has a problem reading, writeing and understanding the English language. 6. Defendant was denied equal protection of the law when members of his race was systematically excluded from his venire; In violation of his sixth and fourteenth amendment to a Jury drawn from a cross section of the community. 7. Trial counsel was ineffective for failing to object to a Jury venire that excluded blacks. 8. The state committed knowing use of perjured testimony when they allowed their witness to testify falsely that he was promised no leniency in exchange for testifying against defendant.

4) Defendant moves this court to allow him to finish exhausting his issues in the state court. After defendant finishes exhausting his remaining issues in the state court, defendant prays that this court will allow him to amend his federal Habeas Corpus Petition.

5) Petitioner agree to return to federal court after exhaustion is completed within 30 days or whatever other time limit the court may set. And that, upon returning to federal court after completion of exhaustion, I will promptly submit a Amended Petition that will contain both the previously exhausted claims which were stayed, along with the newly-exhausted claims.

6) Any delay in exhausting my claims is soley the result of the facts I have alleged in this Motion, and is not the result of any intentionally dilatory (delaying) litigation tactics.

I declare under Penalty of Perjury, that I am a named Party in the above action; that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

Date: May 1st 2008

/s/ Keith Bland



FILED
MAY 6 2008
5-6-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>Keith Bland K92762<br>Petitioner | )<br>)<br>)<br>) | Case No: |
| vs. | )<br>) | |
| Terry McCann<br>Respondent | )<br>)<br>) | Case number of state court conviction<br>01 CF 86 |

### NOTICE OF MOTION

1. Petitioner is formally notifying the respondent and the court that he is moving for a stay pending exhaustion.