# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2602 | 6-3-08 DATE | 6-3-08 |
| CASE TITLE | U.S. ex rel. Keith Bland (K-92762) v. Terry McCann | | |

**DOCKET ENTRY TEXT:**

The court summarily dismisses the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner may file a motion for reinstatement within 30 days after the termination of proceedings in the Illinois state courts relating to petitioner's successive petition for post-conviction relief. If no such timely motion for reinstatement is filed by the end of that period, the dismissal order that has been entered here will become final on the next court day. Petitioner's motion to stay and abeyance[6] and motion for appointment of counsel [4] are denied.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Petitioner brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner was convicted of first degree murder, armed robbery, and residential burglary on May 24, 2002. The Illinois Appellate Court affirmed petitioner's conviction on July 23, 2004. The Illinois Supreme Court denied petitioner leave to appeal on November 24, 2004. Petitioner filed a petition for post-conviction relief on December 2, 2004, which was dismissed on January 11, 2005. The Illinois Appellate Court affirmed the dismissal on December 8, 2006, and the Illinois Supreme Court denied petitioner leave to appeal on May 31, 2007. Petitioner states that he filed a motion for leave to file successive post-conviction petition on July 17, 2007, which was denied on July 19, 2007, and that he is currently appealing this matter in the Illinois Appellate Court.
    An inmate who seeks to challenge a state conviction under 28 U.S.C. §2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).
    Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period tolls while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. ..." In order to toll the statute of limitations, a post-conviction petition must be "properly filed," which means it must comply with formal filing requirements, such as the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Petitioner has a pending an appeal of the denial of his motion for leave to file a successive post-conviction petition. If his successive petition is "properly filed," which the court cannot determine at this time, then petitioner could present all of his issues in a federal habeas petition once his state remedies are exhausted. Although petitioner seeks to have the court stay this petition while he exhausts his state court remedies, the court will dismiss this petition with leave to reinstate within 30 days after the termination of proceedings in the Illinois state courts relating to petitioner's successive post-conviction petition.

A dismissal with leave to reinstate upon conclusion of state proceedings is the equivalent of a stay; it does not act as a final judgment until the time for reinstatement is past. *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006) (citing *Baltimore and Ohio Chicago Terminal R.R. Co. v. Wisconsin Central Ltd*, 154 F.3d 404, 407-08 (7th Cir. 1998), and teaching that a dismissal with leave to reinstate "has the effect of a stay and does not act as a final judgment until the time specified by the court for reinstatement has expired"). This procedure (1) allows a petitioner to fully exhaust state remedies; (2) furthers the goal of prudent expenditure of limited federal judicial resources (for example, Petitioner's request for federal intervention may be mooted if the state court grants relief in the pending post-conviction proceedings); and (3) preserves the petitioner's filing date for limitations purposes. It is useful in habeas cases where it appears that the one-year limitations period under 28 U.S..C. §2244(d) may not be tolled while the petitioner pursues state remedies. *See Woods v. Gillespie*, 26 F.Supp.2d 1093 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F.Supp. 1247 (N.D. Ill. 1997).

Accordingly, after preliminary review, the court summarily dismisses the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner may file a motion for reinstatement, with an amended habeas petition if he chooses, within thirty (30) days after the termination of proceedings in the Illinois state courts relating to his pending successive post-conviction petition. Petitioner should file his motion to reinstate under this case number (08 C 2602) rather than filing a new case. If no such timely motion for reinstatement is filed by the end of that period, the dismissal order that has been entered here will become final on the next court day.